IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ERNEST GALLEGOS,

        Petitioner,

v.                                                        CIV 10-0372 JB/KBM

ERASMO BRAVO, Warden,  and
ATTORNEY GENERAL OF THE
STATE NEW MEXICO,

        Respondents.

# POST-JUDGMENT PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER involves a habeas petition under 28 U.S.C. § 2254.  Throughout the proceedings, Petitioner Ernest Gallegos has been incarcerated at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico.  *E.g., Doc. 1* at 1, 39 (inmate number 29624, place of confinement "GCCF," and address P.O. Box 520 in Santa Rosa). [1]  Throughout the proceedings, he has been proceeding *pro se* and *in forma pauperis.*  He signed all of his submissions, including:  the petition; the *in forma pauperis* application; a letter in response to presiding District Judge Browning's standard notification regarding New Mexico Attorney General Gary King; objections to my proposed findings; and, a notice of appeal after Judge Browning overruled the objections, denied habeas relief,

---

[1] *See also* http://corrections.state.nm.us ("GCCF" is abbreviation for Guadalupe County Corrections Facility, P.O. Box 520, Santa Rosa, one of the privately-operated prisons listed in the Adult Prisons section; inmate Ernest Gallegos # 29624 is incarcerated there on the murder and other state charges that are the subject of this habeas action).

entered final judgment, and denied a certificate of appealability. *See Docs. 1, 2, 4, 7, 10, 16-19, 21.*

The Court thoroughly reviewed the merits of Petitioner's claims. Not only did I issue lengthy proposed findings, Judge Browning's Memorandum Opinion and Order thoroughly reviewed my recommended disposition before adopting it. Moreover, Judge Browning reviewed the recommendations *de novo* even after finding that Petitioner's general objection waived appellate review. *See Docs. 15, 17.*

Petitioner's notice of appeal is dated April 25, 2011, and the Clerk received it on April 27, 2011. *See Doc. 21* at 2, 3. David Peterson, an inmate at the Western New Mexico Correctional Facility in Grants, New Mexico also sent the Court a post-judgment submission. Mr. Peterson did not date this letter and the postmark is illegible, but the Clerk received it one day before receipt of the notice of appeal. *See Doc. 20.* Accordingly, the Clerk filed the letter before filing the notice of appeal. *See Docs. 20, 21.*

Mr. Peterson asserts that Petitioner "has been my friend for many years." *Doc. 20* at 1. Indeed, he claims to have given "mandatory instructions" to Petitioner's trial attorney "to do the bite mark comparisons" in his investigation of the case before trial. *Id.* at 3. Mr. Peterson also uses the word "disability" in his letter. In context, the term refers to limitations on Mr. Peterson's own ability to assist other inmates as he sees fit and not to any disability on the part of Petitioner. *Id.* at 2. For example, Mr. Peterson states: "The disability is an aggressive termination of meaningful legal access to the courts. Prison policy prohibits one convict from helping another." *Id.* (citing policy "CD 091010 B 38"). Elsewhere he asserts that he served "eleven months in the state's super maximum security prison for helping other [inmates] with legal work." *Id.* at 5-6. He also asserts that the

prison policy prohibiting him from assisting other inmates violates "*Johnson v. Avery*" and his First Amendment rights and constitutes a felony "in violation of 18 U.S.C. § 242." *Doc. 20* at 1; *see also id.* at 6.  However, neither *Johnson* nor any other binding authority affords Mr. Peterson a generally "protected interest in providing legal representation to other inmates" and there is no need to address these assertions further where, as here, there is no allegation or showing that Petitioner was "deprived of access to the courts, or unduly hindered in the pursuit of [his] own legal remedies."  *Smith v. Maschner,* 899 F.2d 940, 950 (10th Cir. 1990).

      Mr. Peterson claims to be the author of "all of [Petitioner's] habeas work with the exception of the objections to the Magistrate's proposed findings" – those he did not have "time" to "tender."  *Doc. 20* at 2.  Because his "handwriting is well known," and evidently to avoid detection and confiscation, he prepared these documents and sent them to Petitioner's wife to "re-write."  *Id.* at 3.  He also claims to have prepared a "motion for a new trial [under] Rule 59 on April 15" and sent it to her for recopying and filing.  *Id.* at 2.  If I understand these allegations correctly, he also sent objections for recopying but suspects these documents were "confiscated."  *Id.*  In any event, the Court has no record of any Rule 59 or and alternative set of objections.  Instead, what the Clerk received from Petitioner was a notice of appeal.  Petitioner has not filed anything since that time.

      Mr. Peterson asks the Court to consider him as Petitioner's "next friend [for] habeas corpus prosecution."  *Id.* at 1.  As relief, he raises three alternatives.  He would like the Court to allow him to "correct the errors in [Petitioner's] objection."  *Id.* at 2; *see also id.* at 5.  Alternatively, he asks the Court to "consider this letter to, if necessary, be a

request for an extension of time for the Rule 59 motion." *Id.* at 5.  As the third alternative, he asks the court to "note that [Petitioner] will appeal the decision." *Id.*

"The general rule . . . is that a plaintiff must assert his own constitutional rights." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).  In habeas actions, however,

> Congress codified the concept of allowing "next friend" standing in habeas corpus proceedings by enacting 28 U.S.C. § 2242.  That section states an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*"  28 U .S.C. § 2242 (emphasis added).  In habeas proceedings, "'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." . . . "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."

*Williams v. Boone,* 1999 WL 34856 at * 4 (10th Cir. 1999) (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 162, 163 (1990), respectively; and omitting citation to *Hays v. Murphy,* 663 F.2d 1004, 1008-09 (10th Cir. 1981)).

Courts do not grant such standing "automatically to whomever seeks to pursue an action on behalf of another." *Id.* (internal quotations to *Whitmore,* 495 U.S. at 163, omitted).  To qualify for "next friend" standing, the applicant "must provide an adequate explanation –such as inaccessibility, mental incompetence or other disability why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* (same).  He or she also "must be truly dedicated to the best interest of the person on whose behalf he seeks to litigate." *Id.* (same).  And, "it has been further suggested that a 'next friend' must have some ***significant relationship*** with the real party in interest." *Id.* (internal quotations to *Whitmore,* 495 U.S. at 164 omitted) (emphasis added).

Mr. Peterson should not be granted next friend status because a person "may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Id.* Furthermore the "disability" mentioned in the letter does not relate to a hindrance having any actual impact on Petitioner's ability to pursue this action. Instead, Petitioner has proved capable of filing throughout the proceedings. He also apparently chose to file a notice of appeal instead of the Rule 59 motion Mr. Peterson prepared. *See id.* ("Although incompetency is alleged for the purpose of excusing [petitioner's] guilty plea, it is not used for the purpose of explaining Mr. Shaffer's "next friend" appearance. Moreover, [petitioner] himself signed, and thereby verified, the pleadings. Consequently, the requisite showing for a need for a "next friend" is lacking."); *cf., Aid For Women v. Foulston,* 441 F.3d 1101, 1111-12 (10th Cir. 2006) (plaintiff "third-party" standing requires showing that third party has and injury in fact as well as a "close relationship with the person who possesses the right" and "there is a hindrance to the possessor's ability to protect his own interest") (internal quotations and citation omitted).

Because Mr. Peterson does not qualify as a Petitioner's "next friend," as a "lay person," he cannot "participate in the unauthorized practice of law by filing petitions and briefs on behalf of another in violation of state and federal provisions governing the practice of law." *Williams,* 1999 WL at * 4. He may not attempt to use "next friend" status "to sign and file pleadings on behalf of another in an attempt to vest himself with the powers afforded an attorney," just as Petitioner "is not entitled to have an unlicensed lay person "represent" him in either the district court or on appeal." *Id.*

Wherefore,

**IT IS HEREBY RECOMMENDED** that Mr. Peterson's request to act as "next friend" and file a different set of objections for Petitioner be denied, his alternative requests for relief requested be denied as moot, and his letter *(Doc. 20)* be stricken.

**IT IS FURTHER RECOMMENDED** that the Clerk also send a courtesy copy of these proposed findings to Mr. Peterson.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE