**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ERNEST GALLEGOS,

Petitioner,

v. CIV 10-0372 JB/KBM

ERASMO BRAVO, Warden, and
ATTORNEY GENERAL OF THE
STATE NEW MEXICO,

Respondents.

# AMENDED[1] SECOND POST-JUDGMENT PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER involves a habeas petition under 28 U.S.C. § 2254. I filed proposed findings on May 5, 2011. Among other things, I recommended that Mr. David Peterson's request to act as "next friend" be denied. *See Doc. 24.* I also noted that Petitioner Ernest Gallegos chose to file a notice of appeal, instead of filing a motion for a new trial that Mr. Peterson prepared and sent to Petitioner's wife. *Id.* at 3.

The motion for a new trial has now arrived, and it bears Petitioner's signature. He makes no mention of his previous notice of appeal. He requests a new trial under FED. R. CIV. P. 59 claiming that the "District Court failed to conduct a *de novo* review of the habeas record as mandated by 28 U.S.C. § 636." *Doc. 25* at 1. He also argues the merits of an ineffective assistance of counsel claim for counsel's alleged failure to investigate "valid defenses." He asserts that this Court failed to review the claim "*de novo*." *Id.* at 2-3.

[1] The amendment is solely to provide notice of the objections period at the end of this document as it was inadvertently omitted when the original PFRD *(Doc. 26)* was filed.

In another state habeas case, District Judge Browning held that a motion purporting to be brought under Rule 59(e) or Rule 60(b) is considered to be a "successive" petition if "in substance or effect" the motion "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Kirby v. Attorney General For The State Of New Mexico,* CIV 08-0887 JB/DJS (Doc. 52 at 1, filed 3/25/11) (internal quotations and citations to *Gonzales v. Crosby,* 545 U.S. 524 (2005) and *Spitznas v. Boone,* 464 F.3d 1213, 1215-16 (10th Cir. 2006), omitted). In *Kirby,* the habeas petitioner asserted that the Court "misapprehended the facts and failed to apply the controlling law to the true facts" and found "fault with the Court's reasoning and its disposition of the merits of some of his claims." *Id.* at 2. Judge Browning found the motion to be a successive petition and dismissed it for lack of jurisdiction. *Id.* at 3. The Rule 59 motion here is in the same posture. Therefore, I recommend that it be dismissed for lack of jurisdiction.

Alternatively, the motion is untimely. Motions under Rule 59 "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(b), (d), (e). "A court must not extend the time to act under [Rule] 59(b), (d), and (e). FED. R. CIV. P. 6(b)(2). The earliest date associated with Petitioner's Rule 59 motion is May 4, 2011, the date reflected on the certificate of service. *See Doc. 25* at 4. Final judgment entered on March 31, 2011. *See Doc. 18.* Even if the Court were to assume that the prison mailbox rule applies, and even if the earliest discernable date is used, by my calculations thirty-four days elapsed between the entry of final judgment and the date the motion was mailed. *See, e.g., Davis v. Jones,* 2011 WL 1549515 at * 1 (10th Cir. 4/26/11) (discussing criteria for application of rule and inmate's burden to establish) (citing *Houston v. Lack,* 487 U.S. 266, 276 (1988), *Price v. Philpot,* 420 F.3d 1158, 1165 (10th Cir. 2005), and *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143 (10th Cir. 2004)).

As a final alternative, the premise for the motion is utterly without merit. As I noted in my prior proposed findings,

> The Court thoroughly reviewed the merits of Petitioner's claims. Not only did I issue lengthy proposed findings, Judge Browning's Memorandum Opinion and Order thoroughly reviewed my recommended disposition before adopting it. Moreover, Judge Browning reviewed the recommendations *de novo* even after finding that Petitioner's general objection waived appellate review. *See Docs. 15, 17.*

*Doc. 24* at 2. Petitioner asserted "nine separately-numbered claims that raise multiple and interrelated arguments as grounds for habeas relief." *Doc. 15* at 4.

My initial proposed findings engaged in a thorough review of the state record and rejected related prosecutorial claims. *See id.* at 23-35. I therefore found no need to rehash the reasons why Petitioner's ineffective assistance of counsel claims likewise failed. *Id.* at 50 ("for the reasons discussed in detail the prosecutorial misconduct section, all of Petitioner's failure to investigate ineffectiveness claims fail, either because they are based on an underlying premise already discussed and found to be meritless, or because they are no different in substance to those premises, or because it is clear that the law does not require counsel to raise every available nonfrivolous defense") (internal quotations and citation omitted); *see also Doc. 17* at 15 (adopting proposed findings "with the additional finding that Petitioner Ernest Gallegos cannot secure federal habeas relief on his double-jeopardy claim").

Wherefore,

**IT IS HEREBY RECOMMENDED** that Petitioner's Rule 59 motion *(Doc. 25)* be considered a successive petition and dismissed for lack of jurisdiction.

**ALTERNATIVELY, IT IS HEREBY RECOMMENDED** that Petitioner's Rule 59 motion *(Doc. 25)* be denied as untimely and without merit.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day**

**period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE